YATES, Presiding Judge,
concurring in the judgment of reversal only.
I agree with the reasoning in Judge Murdock’s special writing. I write specially to note that Judge Thompson agrees that § 30-3-4.1, Ala.Code 1975, may constitutionally be applied within the boundaries upon which Judge Murdock and I agree, although Judge Thompson (joined by Judge Pittman) would go further and uphold the application of the statute in a somewhat broader class of cases. Therefore, a majority of this court agrees: (1) that parents have a fundamental right to make decisions regarding the care, custody, and control of their children and because a determination of grandparent-visitation rights directly interferes with a parent’s fundamental right to rear his or her children, a strict-scrutiny analysis applies to such an infringement upon a fundamental right; (2) that there is a presumption that a fit parent acts in the best interest of his or her child and that this presumption places on the grandparent petitioning for visitation the burden of showing by clear and convincing evidence that the best interest of the child is served by awarding visitation if substantial harm to the child by not awarding visitation is shown; and (3) that this court should not invalidate the grandparent-visitation statute on constitutional grounds if by reasonable construction, it can be given a field of operation within constitutionally imposed limitations. However, because Judge Crawley is of the view that the statute may not be constitutionally applied to any cases, the effect of this court’s decision will be to bar application of the statute to any class of cases beyond those described in Judge Murdock’s writing, as to which a majority of this court agrees.